IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>JAY SNYDER, LLC,<br><br>      Debtor. | Case No. 19-22661-GLT<br><br>Chapter 7 |
| COMMERCIAL CREDIT GROUP INC.,<br><br>      Movant, | |
| v. | Doc. No. _____ |
| JAY SNYDER, LLC, and<br>ERIC E. BONONI, TRUSTEE, | Hearing Date: _____ |
| | Response Date: _____ |
|       Respondents. | |

**COMMERCIAL CREDIT GROUP INC.'S MOTION FOR RELIEF FROM
THE AUTOMATIC STAY AND REQUEST FOR AN EXPEDITED HEARING**

Commercial Credit Group Inc., by and through its undersigned counsel, Tucker Arensberg, P.C., files this Motion for Relief from the Automatic Stay and Request for an Expedited Hearing (the "Motion"), pursuant to 11 U.S.C. §§ 362(d), Fed. R. Bankr. P. 4004, and L.B.R. 4004-1, and in support thereof states as follows:

**PARTIES**

1. Movant Commercial Credit Group Inc. ("CCG" or "Movant"), is a Delaware corporation with a principal place of business at 227 West Trade Street, Charlotte, North Carolina 28202.

2. Respondent Jay Snyder, LLC (the "Debtor") is a Pennsylvania limited liability corporation with a principal place of business at 103 Chateau Drive, Aliquippa, Pennsylvania 15001.

3. Respondent Eric Bononi is the appointed Chapter 7 Trustee in this case, with an address of 20 North Pennsylvania Avenue, Greensburg, Pennsylvania 15601.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334.

5. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 157(a), 1408 and 1409.

7. The statutory predicate for the relief sought herein is 11 U.S.C. §§ 362(d) and 105(a), Federal Rule of Bankruptcy Procedure 4001, and W.D.Pa. LBR 4001-1.

## PROCEDURAL BACKGROUND

8. The Debtor commenced this bankruptcy case (the "Bankruptcy Case") by filing a petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code") on July 1, 2019 (the "Petition Date").

9. Debtor filed its Schedules and Statements on the Petition Date. *See* Doc. No. 1.

10. The Schedules and Statements fail to list CCG as a secured creditor of the Debtor's estate.

11. A section 341 meeting of creditors was initially held on August 9, 2019, and a continued 341 meeting is scheduled for September 13, 2019.

## FACTUAL BACKGROUND

12. On January 29, 2019, Debtor executed and delivered to CCG a Negotiable Promissory Note and Security Agreement in the original principal amount of $439,248 (the "Note"). A copy of the Note is attached hereto as Exhibit "A" and incorporated herein.

13. Pursuant to the Note, Debtor granted to CCG a security interest and lien in certain "Collateral" including a purchase money security interest in the two items of equipment described below, along with "any and all accounts, accounts receivable, chattel paper, contract rights, documents, equipment, fixtures, general intangibles, goods, instruments, inventory, securities, deposit accounts, investment property and all other property of whatever nature and kind, wherever located, in which Maker/Debtor now or hereafter has any right or interest, and in any and all attachments, accessories, tooling, substitutions, replacements, replacement parts, additions, software and software upgrades and all cash and non-cash proceeds (including rental proceeds, insurance proceeds, accounts and chattel paper arising out of or related to the sale, use, rental or other disposition thereof . . .":

   a. One (1) 2018 Fuchs MHL335F2 Material Handler with 3/4 Yd. Grappler (Serial Number 335410/5243) (the "2018 Fuchs"); and

   b. One (1) 2012 Link Belt 370LX Material Handler (Serial Number K6K2-5675) (the "2012 Link Belt") (together with the 2018 Fuchs, the "Equipment Collateral").

*See* Exhibit "A" at ¶10.

14. CCG's security interests were perfected by the filing of a UCC-1 Financing Statement with the Pennsylvania Secretary of State on January 29, 2019 at No. 2019012900872. A copy of the UCC-1 is attached hereto as Exhibit "B" and incorporated by reference herein.

15. Debtor is in default under the Note for, *inter alia,* failing to make payments when due from and after June 2019.

16. As of July 26, 2019, the balance due on the Note was $328,424.62, plus expenses including reasonable attorneys' fees and costs, as follows:

| | |
|---|---:|
| Principal | $ 326,224.09 |
| Interest (11.504% per annum) | $ 1,667.98 |
| Late Charges | $ 457.55 |
| Costs and other Charges | $ 75.00 |
| **Total:** | **$ 328,424.62** |

plus interest accruing after July 26, 2019 at the daily rate of $104.25, plus attorney fees, and plus costs and expenses.

## RELIEF REQUESTED

17. Pursuant to § 362(d)(1) of the Bankruptcy Code, a Court may grant a party in interest relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

**THE DEBTOR IS NOT IN POSSESSION OF THE EQUIPMENT AND THE COLLATERAL IS UNINSURED OR UNDERINSURED.**

18. Debtor has transferred possession or ownership of the Equipment Collateral to a non-debtor third party, Freedom Conway Recycling, Inc. ("Freedom Conway") and the Equipment Collateral is located at 2001-2003 Crows Run Road, Conway, Pennsylvania 15027.

19. Upon information and belief, the 2012 Link Belt is *not insured*.

20. With respect to the 2018 Fuchs, Freedom Conway, not the Debtor, has provided evidence of insurance; however, the insurance coverage amount of $260,900 is insufficient to fully protect CCG's interests, as the coverage is less than the outstanding balance owed to CCG.

21. In addition to the other defaults, Debtor is in default of its payments under the Note, which is past due.

22. CCG's interests in the Collateral, including both the 2018 Fuchs and the 2012 Link Belt, are not adequately protected.

23. Indeed, Debtor did not schedule the 2018 Fuchs or the 2012 Link Belt in its Schedules.

24. CCG is entitled to expedited relief from the automatic stay for cause due to Debtor's failure to adequately insure the Equipment Collateral, the lack of insurance on the 2012 Link Belt, the transfer of the Equipment Collateral to a third party, and the lack of adequate protection of CCG's interests in the collateral.

25. The need for an expedited hearing has not been caused by any lack of due diligence on the part of CCG or the undersigned counsel, but has been brought about solely by circumstances beyond their control.

26. CCG requests that the Court grant this Motion and waive the 14-day period required by Federal Rule of Bankruptcy Procedure 4001(a)(3) to allow CCG to move forward with the enforcement of its rights with respect to the Collateral, including *inter alia*, the Equipment Collateral.

## RESERVATION OF RIGHTS

27. CCG expressly reserves the right to seek additional relief against the Debtor to pursue recovery under the Note and/or possession of the Collateral, in this Court and other courts of competent jurisdiction.

WHEREFORE, CCG respectfully requests that this Honorable Court issue an Order (i) granting CCG relief from the automatic stay on an expedited basis pursuant to 11 U.S.C. § 362(d) with respect to the Collateral, including, *inter alia,* the 2018 Fuchs MHL335F2 Material Handler with 3/4 Yd. Grappler (Serial Number 335410/5243) and the 2012 Link Belt 370LX Material Handler (Serial Number K6K2-5675); (ii) allowing CCG to enforce its rights with respect to the Collateral, including, *inter alia*, repossession of the Collateral, filing any action for

replevin of the Collateral naming the Debtor; and (iii) granting CCG such other and further relief that the Court deems just and proper.

Dated:  August 30, 2019

Respectfully submitted,

TUCKER ARENSBERG, P.C.

*/s/ Beverly Weiss Manne*
Beverly Weiss Manne, Esquire
Pa. I.D. # 34545
bmanne@tuckerlaw.com
Maribeth Thomas, Esquire
Pa. I.D. # 208376
mthomas@tuckerlaw.com
1500 One PPG Place
Pittsburgh, Pennsylvania 15222
(412) 566-1212

*Counsel for Commercial Credit Group Inc.*